IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : NO. 3:-09-CR-28 |
| | : (JUDGE KOSIK) |
| MICHAEL T. CONAHAN and | : |
| MARK A. CIAVARELLA, JR., | : |
| Defendants. | : |

FILED
SCRANTON
JUL 31 2009
PER [signature]
DEPUTY CLERK

## MEMORANDUM and ORDER

### I.

The Court is in receipt of the pre-sentence reports and the pre-sentence statements of defendants Michael T. Conahan and Mark A. Ciavarella, Jr.[1]

Each defendant, after waiving indictment pursuant to a plea agreement, pled guilty to Counts One and Two of an Information. Count One charges a violation of 18 U.S.C. §§ 1343 and 1346, in that the defendants aided and abetted each other and used wires to defraud the citizens of Pennsylvania of the right to honest services by an elected official. Count Two charges a violation of 18 U.S.C. § 371, in that the defendants generally conspired to defraud the United States by impeding, impairing, obstructing and defeating the lawful government function of the Internal Revenue Service in failing to report income from their fraudulent activities. The total maximum penalty on both charges is 25 years of imprisonment as well as a substantial fine.

The pleas of guilty were entered as a result of plea agreements negotiated by the defendants, their counsel and the United States Attorney. As a condition, each defendant was to affirmatively accept responsibility to benefit his case. Each was a beneficiary of a binding

---

[1] July 24 and 27, 2009, respectively.

provision for a sentence of 87 months, subject to acceptance or rejection of the binding provision by the Court after the Court's review of the defendants' conduct giving rise to the offenses. The parties stipulated that the sentence of incarceration was substantial and reasonable in light of the other considerations such as the characteristics of the defendants, the legal complexity of the offenses, and the need for closure in the community. Each defendant was to resign his position as judge and submit to disbarment. The agreement preserved the right of the Government, as well as the defense, to disagree with any findings of the probation department, subject to a final determination of disputed items by the Court.

This Court has no reason to dispute the sincerity of the Government and the defense in entering into the binding plea agreements. In all events, it was subject to the Court's acceptance or rejection as noted: "If at sentencing the Court fails to accept the stipulation of the parties, or imposes a sentence greater or less than agreed to by the parties, then either party has the right to withdraw from this agreement and withdraw any guilty plea entered." (Plea Agreement ¶ 11, Docs. 3 & 4.)

The defendants were charged with defrauding the citizens of Pennsylvania, by depriving them of their right to honest services through deceit, self-dealing and conflict of interest, when the defendants accepted compensation in millions of dollars in exchange for particularized official actions and anticipated official actions, in violation of their fiduciary duty as judges and as required by law. The Pennsylvania Constitution,[2] which is the ultimate binding legal

---

[2] "[J]udges shall not engage in any activity prohibited by law and shall not violate any canon of legal or judicial ethics prescribed by the Supreme Court." Pa. Const. art. V, § 17(b).

"No . . . judge . . . shall be paid or accept for performance of any judicial duty or for
(continued...)

authority, art. V, § 17(b) and 17(c), as well as the Code of Judicial Conduct and Administrative Order adopted by the Supreme Court of Pennsylvania, are state-created fiduciary duties. Of course, public officials such as judges owe a fiduciary duty to the public; a breach of the public trust is an offense at common law. See Commonwealth v. Gamble, 62 Pa. 343 (1869) (quoting Kent, vol. 3, p. 454); People v. Dunton, 2 Johns Cas. 275 (N.Y. Sup. Ct. 1801) (citing William Blackstone, 4 Commentaries *140).

## II.

The pre-sentence report provided for each defendant is based on the offense conduct of each defendant in light of the nature of the charges common to each; aiding and abetting each other to defraud in Count One and conspiracy in Count Two. This accounts for the "Offense Conduct" portion of the reports being identical and based on information provided by the Government which the probation officers found to be consistent with the investigative reports.

Although each defendant entered a plea of guilty to a binding plea agreement, the probation officers are charged with providing a report that affords the Court with a complete history of the defendants, and their roles in aiding and abetting each other in the offenses. Each defendant is afforded the right to object or dispute the pre-sentence report, including the calculation of the sentence to be imposed and other relevant factual items.

Defendant Conahan filed several sets of objections, some of which were resolved by the probation officer. The most recent revised objections, which remain unresolved, total some twelve which address more than one paragraph of the pre-sentence report. Without elaboration

---

[2](...continued)
service connected with his office, any fee, emolument or prerequisites other than the salary and expenses provided by law." Id. § 17(c).

for our purpose here, some consist of denials concerning offense matters including the receipts of money. The report represents that Defendant Conahan refused to discuss the motivation behind his conduct, attempted to obstruct and impede justice, and failed to clearly demonstrate affirmative acceptance of responsibility with his denials and contradiction of evidence, which is essential to the tenor of the Government's case.

Defendant Ciavarella is less obstructive to the sentencing report, but instead has resorted to public statements of remorse, more for his personal circumstances, yet he continues to deny what he terms "quid pro quo" his receipt of money as a finder's fee, notwithstanding the Government's abundance of evidence of his routine deprivation of children's constitutional rights by commitments to private juvenile facilities he helped to create in return for a "finder's fee" in direct conflict of interest with his judicial roles. Such denials are self serving and abundantly contradicted by the evidence the Government proffers as offense conduct. The Government is not required to show express or explicit promise to perform official acts in return for payment. "[O]therwise the law's effect could be frustrated by knowing winks and nods." Evans v. United States, 504 U.S. 255, 274 (1992) (Kennedy, J., concurring). Quid pro quo can be implied from the evidence. See United States v. Kemp, 500 F.3d 257, 284 (3d Cir. 2007).

In light of the post-guilty plea conduct and expressions from the defendants that contradict some offense conduct, the negotiated pleas, which were grounded in the good faith of the Government, are well below the sentencing guidelines for the charged offenses.

We approached our responsibility of determining whether the binding pleas of guilty should be accepted, very mindful of the oath these defendants took when invested as judges: "I do solemnly swear that I will support, obey and defend the Constitution of the United States and

4

the Constitution of this Commonwealth and that I will discharge the duties of my office with fidelity." After this oath, the public bestowed the defendants with the epithet "Honorable."

We paraphrase what has been written about judges, that, above all things, integrity is their lot and proper virtue, the landmark, and he that removes it, corrupts the fountain. In this case, the fountain from which the public drinks is confidence in the judicial system—a fountain which may be corrupted for a time well after this case.

We cannot accept the binding plea agreements' stipulation and terms as to the sentence to be imposed, pursuant to the Court's right of discretion as the sentencing court. See Fed. R. Crim. P. 11(c) & advisory committee's note. Our rejection affords the defendants and the Government a right to withdraw, including the defendants' pleas of guilty; a right which they are herewith advised to exercise in writing within ten (10) days from the date of this Memorandum and Order.

Further, to comply with Federal Rule of Criminal Procedure 11(c)(5), a hearing will be scheduled to state on the record that the Court rejects the plea agreements, that the Court is not required to follow the plea agreements, that the defendants have a right to withdraw their guilty pleas, and that if the guilty pleas are not withdrawn, the Court may dispose of the cases less favorably toward the defendants than the plea agreements contemplated. The parties may waive this hearing by notifying the Court in writing within ten (10) days from the date of this Memorandum and Order.

**SO ORDERED.**

Dated: July 31, 2009

_____
Edwin M. Kosik
United States District Judge

5