IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : NO. 3:-09-CR-28 |
| | : (JUDGE KOSIK) |
| MICHAEL T. CONAHAN and MARK A. CIAVARELLA, JR., | : |
| Defendants. | : |

## M E M O R A N D U M and O R D E R

Presently before the court is Defendants' Motion for Reconsideration of the court's Memorandum and Order of July 31, 2009 (Doc. 39) rejecting the plea agreements pursuant to Fed. R. Crim. P. 11(c)(5). The Motion for Reconsideration lacks the concurrence of the Government for the reasons stated in the motion.[1]

---

[1] Although this is the first formal motion by Defendants, this court has twice met with counsel on this issue informally, once at the request of both parties and on a second occasion at the request of the court, to determine appropriate scheduling in light of the court's rejection of the plea agreements. The court rejected reconsideration each time. The Government orally advises the court that in light of paragraph six of the Motion for Reconsideration, the Government stands on the court's earlier denial of reconsideration.

On each occasion, the Government and the Defense jointly urged the court to reconsider its rejection of the plea agreements. Each side offered to meet separately with the court to explain each side's reasons for entering into the plea agreement. The offer was rejected by the court because such a meeting might impermissibly involve the court in plea bargaining. Regardless, we then noted that the court had already offered the parties an opportunity to provide the reasons for the plea agreement at the time the guilty pleas were entered.

In considering the motion, we start with the premise that under Fed. R. Crim. P. 11, the court has discretion to accept a plea agreement, particularly one in which the ultimate sentence is stated with finality. Accordingly, the court perceives that the gist of the Motion for Reconsideration is based on what the court understands as an error of apprehension. If such be the case, the court disagrees.

Rule 11(c)(3)(A) outlines the court's discretion without elaboration: "[t]he court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." At the entry of the guilty pleas, the court elected to wait for the presentence report, affording Defendants an opportunity to object to matters in the report. In this case, Defendant Conahan filed objections while Ciavarella did not. The court also elected to have the parties—the government in particular—to give the reasons for the binding plea agreement in this case. It ill behooves both parties to want the court to consider additional reasons to be conveyed in private, as the court stated in footnote 1, supra.

The July 31 Memorandum stated that the presentence report was prepared on the basis of material provided by the Government and investigative reports. In addition to a defendant's objections, the court, as part of every presentence report, has the benefit of a sentencing recommendation from the probation office, which includes the probation officer's assessment and justification for the recommendation. This aspect of the report is for the

court's eyes only. It served, in part, for the basis of the court's conclusions concerning Conahan's declining to discuss his motivation behind his conduct, obstruction of justice, and failure to accept responsibility with his denials and contradiction of evidence. The probation recommendation characterized these failures by Conahan as based on his "scandalous conduct."[2] The Defense claims that a defendant is not required to admit relevant conduct beyond the offense of conviction. The court generally agrees, but the defendant was expected to admit relevant conduct related to the scandalous nature of the offense of conviction.

We do not wish to belabor the motion, however rare a motion of this nature may be, in the absence of a controlling or significant change in the law, or the court's failures by exceeding its authority. We do not believe such to be the case here.

The Motion for Reconsideration (Doc. 42) is denied.

*[signature]*
Edwin M. Kosik
United States District Judge

Date: August 24, 2009

---

[2] We avoided these words in our Memorandum and Order of July 31 due to their inflammatory nature.

3